NO. 07-06-0214-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 28, 2007

_____

AMELIA EUGINA MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 52,333-E; HONORABLE W. F. "CORKY" ROBERTS, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Amelia Eugina Moore perfected appeal from her conviction for forgery of a financial instrument and punishment of two years confinement in a state jail facility. We agree with appointed counsel's conclusion that the record fails to show any meritorious issue which would support the appeal and affirm the trial court's judgment.

Appellant was charged with passing a forged check to bank teller Patrick Solis knowing the check was not authorized by the owners of the account. Over her plea of not guilty the trial court found appellant guilty as charged in the indictment.

Appointed counsel for appellant has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-45 (1976). The brief discusses the factual and procedural history of the case and the evidence presented. In conformity with counsel's obligation to support the appeal to the best of her ability, *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd), the brief discusses two potential issues on appeal and explains why they do not show reversible error. Counsel thus concludes the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a pro se response. *Johnson*, 885 S.W.2d at 645. By letter, this court also notified appellant of her right to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant has filed a letter response complaining of the performance of her trial counsel. The State has not filed a brief in this appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court

determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

The potential issues discussed in counsel's brief address the sufficiency of the evidence supporting the conviction and whether appellant's trial counsel provided reasonably effective assistance. The evidence included testimony from Marshall Kneisley that his checkbook was taken in a robbery in December 2005 and he did not authorize anyone to use checks from that checkbook. Patrick Solis, a bank teller, testified appellant presented a check from Kneisley's checkbook for payment in May 2006. According to Solis, when appellant declined to present adequate identification, she left without the check, stating to her companion, Michael Douglas,[1] "we got to get out of here." The check also was in evidence. It is made payable to Amelia Moore. Appellant testified in her defense that she was given the check by a man she met at a party and she only sought to determine if the bank would honor the check. She stated she did not know the man who gave her the check was not Kneisley. Counsel's brief discusses the applicable standards for reviewing the sufficiency of the evidence and concludes the evidence was sufficient to support the judgment.

The second potential issue in counsel's brief, and the sole issue discussed in appellant's pro se response, address whether appellant's trial counsel presented reasonably effective assistance. The standard by which appellate review of the effectiveness of trial counsel is measured is that set out in the seminal case of *Strickland*

---

[1] One of the tellers recognized Douglas as a bank customer.

3

*v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was ineffective, a claimant must establish two elements: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To be sustained, an allegation of ineffective assistance of counsel must be firmly founded and affirmatively demonstrated in the record. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996). As counsel discusses, the record shows appellant's trial counsel's preparation for trial included personal interviews of witnesses and shows he made appropriate objections during trial. Defense counsel presented appellant's version of events through her testimony and obtained a writ of attachment to secure the presence of Michael Douglas as a defense witness to support appellant's version. Defense counsel was successful in presenting the favorable testimony in the absence of the witness through a stipulation. The record does not show appellant was deprived of the effective assistance of counsel.

Our review of counsel's brief, including her discussion of potential issues on appeal, and the record convinces us that appellate counsel conducted a thorough review of the record. We also have independently examined the entire record in this case to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d at 511.

Having reviewed the record before us, we agree with counsel that the appeal is frivolous.  *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005). Accordingly, counsel's motion to withdraw is granted[2] and the judgment of the trial court is affirmed.

Do not publish.

James T. Campbell
Justice

---

[2] In granting counsel's motion to withdraw, however, we remind counsel to insure that he has complied with the "educational"duty to inform appellant of her right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex.Crim.App. 2006).